IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARY GRIFFIN**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-728-L** |
| | § | |
| **HSBC BANK USA and** | § | |
| **LITTON LOAN SERVICING, LP**, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed April 27, 2010. After careful consideration of the motion, response, briefs, record, and applicable law, the court **denies** Plaintiff's Motion to Remand.[1]

**I.    Background**

Mary Griffin ("Plaintiff" or "Griffin") originally filed this action against HSBC Bank USA and Litton Loan Servicing, L.P. in the 101st Judicial District Court, Dallas County, Texas, on March 3, 2010. The correct name of Defendant HSBC Bank USA is "HSBC Bank USA, National Association, as Trustee of the Benefit of People's Financial Realty Mortgage Securities Trust Series 2006-I"; and it is defending all claims against HSBC Bank USA. The court will refer to the defendants in this case as "HSBC" and "Litton," individually, and "Defendants," collectively. This action results from a foreclosure on property ("the Property") located at 7023 Chackbay Lane, Dallas County, Texas. The Property served as security for a mortgage loan taken out by Plaintiff. The

---

[1]Plaintiff did not file a reply to Defendants' response.

**Memorandum Opinion and Order - Page 1**

Property was sold at a substitute trustee sale on December 1, 2009. Griffin contends that she never received a notice-of-default letter and that the notice of sale she received indicated a different date than that on which the substitute sale occurred. Griffin brought claims for wrongful foreclosure-trespass to try title, wrongful foreclosure-rescission, and violation of the Texas Deceptive Trade Practices Act ("DTPA"). She also sought declaratory and injunctive relief, actual and treble damages, reasonable attorney's fees, costs of court, and prejudgment and postjudgment interest.

On April 9, 2010, Defendants removed this action to federal court on the bases that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interests and costs, exceeds $75,000. Griffin contends that there is not complete diversity between the parties and that the amount in controversy does not exceed $75,000. Griffin seeks remand of this action to the 101st Judicial District Court, Dallas County, Texas.

## II. Subject Matter Jurisdiction Standard

### A. Federal Question and Diversity Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th

Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

### B. Diversity and Amount in Controversy

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability

company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980) (footnote omitted). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (emphasis in original). The test to be used by the district court is "whether it is more likely

than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen*, 63 F.3d at 1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III. Analysis

#### A. Diversity

After considering the facts and applicable law, the court is convinced that complete diversity of citizenship exists between the parties. Plaintiff is a citizen of Texas. Litton is a citizen of New

York, and HSBC is a citizen of Delaware.[2]  As Griffin does not share the same citizenship with either HSBC or Litton, complete diversity exists between the parties.

### B. Amount in Controversy

Griffin contends that neither the purchase price of the Property at foreclosure, $220,663, nor its purported value, $219,360, by the Dallas County Central Appraisal District ("DCCAD") reflects the amount in controversy.  She contends that the amount in controversy is $29,985.31.  Griffin contends that this figure represents the value of the Property based on the DCCAD's appraisal, less any amounts that Defendants assert are due and owing by her.

An examination of Plaintiff's pleadings clearly indicates that Griffin seeks a determination as to whom is the rightful titleholder of the Property.  Specifically, she seeks an order setting aside the foreclosure, rescinding the foreclosure, and restoring title of the Property to her.  Additionally she seeks damages for the alleged violation of the DTPA.  As Plaintiff seeks a determination that the court rescind the foreclosure and declare that she is the rightful titleholder to the Property, the value of the Property is to be used in determining the amount in controversy.  *Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977); *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.").  The record establishes that the value of the Property is well over $200,000, which clearly exceeds the jurisdictional minimum. Accordingly, the amount-in-controversy requirement is met.

---

[2]The court, as requested by HSBC, takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, that the articles of association on file with the United States Department of Treasury show that HSBC's main office is in Wilmington, Delaware.  Moreover, Plaintiff filed no objection to the court taking judicial notice of this document.

Alternatively, even if the value of the Property does not exceed $75,000, the record establishes that the amount in controversy is likely to exceed $75,000. This circuit has used a common-sense approach to determine whether the jurisdictional amount has been satisfied. *Allen*, 63 F.3d at 1336; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In this case, Plaintiff contends that the value of the Property is slightly under $30,000. She also seeks actual and treble damages for the alleged violation of the DTPA. Further, Griffin seeks recovery of her attorney's fees under the DTPA, which may be included as part of the amount in controversy. If the court discounts Defendants' valuation of the Property and considers Plaintiff's valuation of the Property, considers the actual and treble damages sought by Plaintiff, and considers her request for attorney's fees, a common-sense analysis and approach establish that the sum of these amounts is more likely than not to exceed the jurisdictional threshold. Accordingly, the record establishes that the amount in controversy exceeds the $75,000 jurisdictional threshold.

## IV. Conclusion

For the reason stated herein, the court determines that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the court has subject matter over this action and **denies** Plaintiff's Motion to Remand.

**It is ordered** this 24th day of November, 2010.

*[signature]*
Sam A. Lindsay
United States District Judge